UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOHNNY MITCHUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-00213-DCN |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant United States of America, by its attorneys, Adair F. Boroughs, United States Attorney for the District of South Carolina, and Lee E. Berlinsky, Assistant United States Attorney for said District, answers Plaintiff's Complaint as follows:

**JURISDICTION**

1. Defendant makes no response to the allegations of jurisdiction and legal conclusions contained in Paragraph 1 as no response is required. To the extent the allegations are deemed factual in nature, Defendant admits only that Plaintiff brings this cause of action pursuant to the Federal Tort Claims Act ("FTCA") but denies Plaintiff is entitled to any relief under the FTCA. Defendant denies any allegations not specifically admitted.

2. Defendant makes no response to the allegations of jurisdiction and legal conclusions contained in Paragraph 2 as no response is required. To the extent the allegations are deemed factual in nature, Defendant admits only that Plaintiff brings this cause of action pursuant to the Federal Tort Claims Act ("FTCA") and discovery will confirm whether the administrative claim was exhausted granting subject matter jurisdiction on the court.

## VENUE

3.  Defendant admits only that on April 30, 2020, there was an accident which occurred on or near East Main Street in Moncks Corner, South Carolina. Defendant denies any allegations not specifically admitted.

4.  Defendant makes no response to the allegations of venue and legal conclusions contained in Paragraph 4 as no response is required. To the extent the allegations are deemed factual in nature, Defendant admits only that the accident alleged in Plaintiff's Complaint occurred within this judicial district. Defendant denies any allegations not specifically admitted. See also 28 U.S.C. §121(1).

## THE PARTIES

5.  Defendant is without sufficient information to admit or deny the allegation contained in Paragraph 5 and therefore denies it.

6.  Defendant admits only that it is sovereign and that the USPS is an independent establishment of the executive branch of the federal government. Defendant further admits that the United States is the only properly named defendant in a case brought under the FTCA. Defendant denies any allegations not specifically admitted.

## FACTS COMMON TO ALL ACTIONS

7.  Defendant is without sufficient information to admit or deny the allegation contained in Paragraph 7 and therefore denies it until discovery confirms the allegation.

8.  Defendant admits only that at all times relevant to Plaintiff's Complaint, USPS employees were acting within the scope of their employment with the USPS. Defendant denies any allegations not specifically admitted.

9.  Paragraph 9 is denied.

10. Defendant admits only that at all times relevant to Plaintiff's Complaint, USPS employees were acting within the scope of their employment with the USPS. Defendant denies any allegations not specifically admitted.

### FOR A FIRST CAUSE OF ACTION-NEGLIGENCE

11. Defendant incorporates by reference its previous answers to Plaintiff's Complaint as if fully set forth herein.

12. Defendant makes no response to the legal conclusions contained in Paragraph 12 as no response is required. To the extent the allegations are deemed factual in nature, Defendant admits only that any duty it may have owed Plaintiff is defined by applicable state law. Defendant denies any allegations not specifically admitted.

13. Paragraph 13, and all subparts are denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

Defendant United States denies that Plaintiff is entitled to any of the relief sought in his "WHEREFORE" clause.

By way of further answer and affirmative defenses:

### AFFIRMATIVE DEFENSES

1. Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

2. Pursuant to 28 USC § 2675(b), Plaintiff is prohibited from claiming or recovering an amount, if any, against Defendant United States in excess of that set forth in a claim presented to the United States Postal Service.

3. Defendant denies liability *in toto*. If this Court were to find differently, Plaintiff and Plaintiffs' daughter's fault and negligence in causing this alleged accident

must be compared against the fault and negligence, if any, of Defendant United States, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff and Plaintiff's daughter's fault and negligence in causing the alleged accident. *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 399 S.E. 2d. 783 (S.C. 1991).

4.     Plaintiff's recovery is barred or limited by the provisions of the South Carolina law on comparative negligence. The United States of America denies liability *in toto*, however, if this Court finds defendant liable, the intervening negligence of third parties, for whom the United States cannot be held liable, broke any casual connection between the United States' negligence and the plaintiff's alleged injury, cutting off the legal effect of the defendant's negligence.

5.     In the event defendant is found liable, which liability defendant denies, defendant is entitled to a set-off of amount or benefit from any collateral source already paid to plaintiff, arising from the same set of circumstances, acts or occurrences that form the subject matter of this Complaint.

6.     Plaintiff is required to mitigate his damages.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant United States of America respectfully seeks to dismiss the action, defend the action, or seek costs incurred herein; and for such further relief as is just and proper.

> Respectfully submitted,
>
> ADAIR F. BOROUGHS
> United States Attorney
>
> By ____s/Lee E. Berlinsky__
> Lee E. Berlinsky   Fed ID #05443
> Assistant United States Attorney
> 151 Meeting Street, Suite 200
> Charleston, South Carolina 29401
> (843) 266-1600

March 10, 2023